UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEISHA A. MCNEAL,<br><br>                    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security, [1]<br><br>                    Defendant. | Case No. 3:12-cv-05303-BHS-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for October 25, 2013 |

Plaintiff has brought this matter for judicial review of defendant's denial of her application for supplemental security income ("SSI") benefits. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). After reviewing the parties' briefs and the remaining record, the undersigned submits the following Report and Recommendation for the Court's review, recommending that for the reasons set forth below, defendant's decision to deny benefits be reversed and this matter be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On October 12, 2006, plaintiff filed an application for SSI benefits, alleging disability as of October 11, 2002, due to a back injury. See ECF #19-#20, Administrative Record ("AR") 32,

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration. Therefore, under Federal Rule of Civil Procedure 25(d)(1), Carolyn W. Colvin is substituted for Commissioner Michael J. Astrue as the Defendant in this suit. **The Clerk of Court is directed to update the docket accordingly.**

REPORT AND RECOMMENDATION - 1

258.  That application was denied upon initial administrative review and on reconsideration.  <u>See</u> AR 32.  A hearing was held before an administrative law judge ("ALJ") on January 26, 2010, at which plaintiff, represented by counsel, appeared and testified.  <u>See</u> AR 762-820.

In a decision dated March 8, 2010, the ALJ determined plaintiff to be not disabled.  <u>See</u> AR 32-44.  Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on February 24, 2011, making the ALJ's decision the final decision of the Commissioner of Social Security (the "Commissioner").  <u>See</u> AR 15; 20 C.F.R. § 416.1481.  On April 11, 2012, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision.  <u>See</u> ECF #3.  The administrative record was filed with the Court on December 7, 2012.  <u>See</u> ECF #19-#20.  The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues the Commissioner's final decision should be reversed and remanded for further administrative proceedings because the ALJ erred: (1) in evaluating the medical evidence in the record, including by giving significant weight to the opinion of Robert Hoskins, M.D., an opinion that is not included in the record, and by failing to discuss the opinion of Richard Price, M.D.; (2) in discounting plaintiff's credibility; (3) in assessing her residual functional capacity ("RFC"); and (4) in finding her to be capable of performing other jobs existing in significant numbers in the national economy.  For the reasons set forth below, the undersigned agrees the ALJ erred in regard to the opinions of Dr. Hoskins and Dr. Price, and therefore in both assessing plaintiff's residual functional capacity and finding her to be capable of performing other jobs existing in significant numbers in the national economy.  Accordingly, the undersigned also finds that the ALJ erred in determining plaintiff to be not disabled on this basis, and thus that defendant's decision to deny benefits should be reversed and that this matter should be remanded

REPORT AND RECOMMENDATION - 2

for further administrative proceedings.

## DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)).[2]

---

[2] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by

REPORT AND RECOMMENDATION - 3

I.        The ALJ's Evaluation of the Opinions of Dr. Hoskins and Dr. Price

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." Morgan v. Commissioner of the Social Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. The ALJ also may draw inferences "logically flowing from the evidence." Sample, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir.

---

>  substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 4

1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." Id.; see also Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981); Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. See Lester, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Batson v. Commissioner of Social Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); see also Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001); Matney on Behalf of Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

With respect to the medical evidence in this case, the ALJ found in relevant part:

> . . . Significant weight is given to the reviewing medical physician for the State Agency, Robert Hoskins, M.D., given his review of the record and to his consideration as to capacity for the time period being looked at here. His medical expertise and familiarity with the Social Security regulations is recognized and credited. He found the claimant to be exertionally limited to 20 pounds occasionally and 10 pounds frequently and to stand/walk about 6 hours our [sic] of an 8 hour work day. However, benefit of the doubt has been given . . . to the claimant and the physical residual functional capacity

REPORT AND RECOMMENDATION - 5

>includes that the claimant cannot sit for lengthy periods of time with her lumbar condition.

AR 38-39. Plaintiff argues the ALJ erred in giving significant weight to the opinion of Dr. Hoskins because that opinion is missing from the record. The Court agrees that because that opinion is not in the record and thereby subject to review in this forum, the Court cannot determine at this time whether the ALJ's reliance on that opinion – and therefore his assessment of plaintiff's residual functional capacity, as well as his determination that plaintiff could perform other jobs and thus that she was not disabled, which was based on that assessment (see AR 35-44) – is supported by substantial evidence.

The Court further agrees with plaintiff that the ALJ's RFC assessment and determination of non-disability also cannot stand on the basis of the ALJ's failure to address the opinion of Dr. Price, who evaluated plaintiff in late December 2006. In his evaluation report, Dr. Price opined that "[p]robably at this time, she could have difficulty being effective in the workplace because of the level of her depression," but that "[w]ith treatment . . . it would be a reasonable expectation that she might recover to the point of employability within 12 months." AR 462. Dr. Price further opined as follows:

> . . . The claimant is capable of managing her funds and does so. She is able to perform simple and repetitive tasks and judging by her performance on the mini mental status examination she would probably do well with detailed and complex tasks. She is generally a pleasant lady who probably is able to accept instructions from supervisors and interact with co-workers and the public. At this time, she probably would have difficulty performing work activities consistently or maintain regular attendance in the workplace.

Id. While the ALJ's assessment of plaintiff's residual functional capacity does encompass some of the limitations Dr. Price found – such as the ability to perform simple and repetitive tasks, accept instructions from supervisors and interact with both co-workers and the public – it clearly does not include Dr. Price's opinion that plaintiff "could have difficulty being effective in the

REPORT AND RECOMMENDATION - 6

workplace" and that she "would have difficulty performing work activities consistently or maintain regular attendance in the workplace." AR 462-63; see also AR 35, 39. This clearly is significant probative evidence the ALJ was required to adopt or give valid reasons for rejecting. The ALJ's failure to do either, therefore, constitutes error as well.

II.      The ALJ's Assessment of Plaintiff's Residual Functional Capacity

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. See 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. See id. If a disability determination "cannot be made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 *2. A claimant's RFC assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. See id.

Residual functional capacity thus is what the claimant "can still do despite his or her limitations." Id. It is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. See id. However, an inability to work must result from the claimant's "physical or mental impairment(s)." Id. Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." Id. In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." Id. at *7.

The ALJ in this case assessed plaintiff with the residual functional capacity to perform

REPORT AND RECOMMENDATION - 7

light work, except that she "**could not sit for lengty periods, and could not do complex work due to pain and medication**." AR 35 (emphasis in original), 39.  Given the ALJ's errors in evaluating the objective medical evidence in the record discussed above, however, the ALJ's RFC assessment cannot be found to be supported by substantial evidence at this time and thus it cannot stand.

III.     The ALJ's Step Five Determination

If a claimant cannot perform his or her past relevant work, at step five of the disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 416.920(d), (e).  The ALJ can do this through the testimony of a vocational expert or by reference to the Commissioner's Medical-Vocational Guidelines (the "Grids"). Tackett, 180 F.3d at 1100-1101; Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2000).  The Grids may be used if they "*completely and accurately* represent a claimant's limitations." Tackett, 180 F.3d at 1101 (emphasis in the original).  That is, the claimant "must be able to perform the *full range* of jobs in a given category." Id. (emphasis in the original).  If the claimant "has significant non-exertional impairments," however, reliance on the Grids is not appropriate.[9] Ostenbrock, 240 F.3d at 1162; Tackett, 180 F.3d at 1102 (non-exertional impairment, if sufficiently severe, may limit claimant's functional capacity in ways not contemplated by Grids).

Here, the ALJ found plaintiff to be not disabled based on the Grids. See AR 43-44.  But because, as discussed above, the ALJ erred in evaluating the objective medical evidence in the record, it is not possible at this time to determine whether the ALJ's residual functional capacity

---

[9]"Exertional limitations" are those that only affect the claimant's "ability to meet the strength demands of jobs." 20 C.F.R. § 404.1569a(b).  "Nonexertional limitations" only affect the claimant's "ability to meet the demands of jobs other than the strength demands." 20 C.F.R. § 404.1569a(c)(1).

REPORT AND RECOMMENDATION - 8

assessment is supported by substantial evidence. As such, it also is not possible at this time to determine whether the ALJ's reliance on the Grids – or his overall determination that plaintiff is not disabled – is supported by substantial evidence as well. Accordingly, here too the ALJ's determination of non-disability at step five also cannot be upheld.

IV.     This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." Smolen, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." Id.

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues still remain in regard to the objective medical evidence in the record, plaintiff's residual functional capacity and her ability to perform other jobs existing in significant numbers in the national economy, remand for further administrative proceedings is warranted.

REPORT AND RECOMMENDATION - 9

CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ improperly concluded plaintiff was not disabled. Accordingly, the undersigned recommends as well that the Court reverse defendant's decision to deny benefits and remand this matter for further administrative proceedings in accordance with the findings contained herein.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **October 25, 2013**, as noted in the caption.

DATED this 4th day of October, 2013.

Karen L. Strombom
United States Magistrate Judge